G. Thomas Martin, III. (SBN: 218456)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
T: (323) 988-2400; F: (866) 802-0021
tmartin@consumerlawcenter.com

Attorneys for Plaintiff, RAYNA SHINN

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| RAYNA SHINN, | Case No.: 2:09-cv-02585 JAM-KJM |
| Plaintiff, | **PROTECTIVE ORDER** |
| v. | |
| HUNT & HENRIQUES, | |
| Defendant. | |

This matter came before the Court on the stipulation of the parties. It appears that the parties anticipate discovery and production of documents which may be the proper subject of a protective order under FRCP 26(c), and that each of the parties will likely seek such protection for information to be produced in discovery. In order to assist in the timely completion of discovery without undue delay or unnecessary motion practice, the Court enters the following Protective Order:

1. Designation of Confidentiality.

A party responding to requests for production, interrogatories, or requests for admission may, acting in good faith, designate the responsive information to that discovery as "**CONFIDENTIAL**" (hereafter referred to as "information designated as confidential"). That

PDF created with pdfFactory trial version www.pdffactory.com

party shall make the designation by producing the information and affixing a stamp conspicuously designating the information as "**CONFIDENTIAL**."

2. Protection of Information Designated as Confidential.

Any *information designated as confidential* shall be protected as confidential under the terms of this Order until such time as 1) the Court rules on, and rejects, the designation pursuant to a motion by party challenging the designation, or 2) the designating party waives its assertion of confidentiality expressly in writing. At that time, the materials cease to be subject to the protections of this order and the information may be used in any fashion consistent with other materials obtained through discovery. Any information which is designated as confidential may not be used outside this case and may only be used in this litigation. This information may only be disclosed to

    a. Other attorneys and parties appearing in this case who have agreed to be bound by this order.

    b. Staff and office personnel employed by the attorneys and parties who have appeared in this case.

    c. Lay and Expert witnesses disclosed by the parties who have agreed to be bound by this order.

    d. Deponents.

    e. The Court and its personnel under seal, subject to the provisions of this order.

    f. Court reporters engaged to transcribe the proceedings or discovery in this case.

Each person – excepting the Court and its personnel – who receives material subject to the protections of this order shall be given a copy of this order prior to receiving the materials and execute a copy of the acknowledgment attached Exhibit A to this order. No person apart from counsel for the parties to this matter may be provided with any material designated as

PDF created with pdfFactory trial version www.pdffactory.com

"**CONFIDENTIAL**" unless that person is designated above and has executed that acknowledgment.

3. Objections to the Designation of Confidentiality.

Any party receiving information designated as confidential may object to that designation at any time. A party who objects to the designation shall serve objections to the designation and request in writing a conference to resolve the conflict. The party challenging the designation is responsible for making good faith efforts to arrange that conference. If the parties cannot resolve the objections to the designation, the party challenging the designation of confidentiality shall move to have the information exempted from this Order.

4. Use of Confidential Materials in Dispositive Motions and At Trial

No *information designated as confidential* shall be submitted to or filed with the Court in connection with any motion or at trial unless the party seeking to submit or file the information moves to seal the Court's record and proceedings and continue the protections of this order. Such information shall remain under seal until such time as the Court orders otherwise. A party who intends to use any information which is designated as confidential in connection with the trial of this action must identify the document in the joint final pretrial order, along with a separate list of the information which is protected as confidential which that party will seek to submit. If a motion to seal the record and proceedings is filed, the party seeking to use the information protected as confidential shall file all documents containing that information under seal and those documents shall remain under seal and the proceedings shall remain under seal until such time as the Court rules on the motion.

[PROPOSED] PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

The Court will retain jurisdiction over the parties for purposes of enforcement or modification of this order.

**IT IS SO ORDERED.**

Dated: _February 18, 2010_____

_____   /s/ John A. Mendez_____
HONORABLE JOHN A. MENDEZ
U. S. District Court Judge

PDF created with pdfFactory trial version www.pdffactory.com